## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>DANNY VINCENT RODRIGUEZ aka DANIEL VINCENT RODRIGUEZ,<br><br>Defendant. | Criminal Case No. CF0011-21 / CF0586-20<br><br>**DECISION AND ORDER RE: LIMITED REMAND ORDER** |

### INTRODUCTION

This matter came before the Honorable John C. Terlaje on November 10, 2025, for a Limited Remand Order. Assistant Attorney General Christine Santos Tenorio ("AAG") appeared on behalf of the People of Guam. Attorney Peter C. Perez appeared on behalf of Danny Vincent Rodriguez.

### FACTUAL AND PROCEDURAL BACKGROUND

Rodriguez was charged with nine total counts of Criminal Sexual Conduct and was on trial for these charges in January and February of 2024. *See* Second Amended Indictment (Feb. 23, 2024). Neither the written transcript nor the audio recordings of the trial included a discussion regarding Rodriguez's right to testify. *See* Limited Remand Order (Sept. 26, 2025). However, AAG argued before the Supreme Court that she recalled this Court asking either Rodriguez or his trial counsel whether he wanted to testify. *Id.* The People believed that this

exchange was inadvertently unrecorded. *Id.*; Declaration of Counsel (Nov. 6, 2025). However, Rodriguez denied that such an exchange took place. Limited Remand Order (Sept. 26, 2025).

Rodriguez timely appealed his conviction and argued before the Supreme Court that he did not knowingly, intelligently, and voluntarily waive his right to testify. *See id.* The Supreme Court of Guam ordered the Court to supplement the record. The Court requested a hearing on the matter on November 10, 2025. The AAG filed her Declaration of Counsel outlining what she remembers about the exchange on November 6, 2025. Rodriguez filed a Submission of Declaration written by Curtis Van de veld on November 10, 2025.

## DISCUSSION

In a criminal appeal, the Supreme Court "may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances." 8 G.C.A. § 130.60 (2005). The Supreme Court has held that it may remand to the trial court to amend or supplement the record. *See People v. Rugante*, CRA17-009 (Ltd. Rem. Order (Aug. 3, 2018)); *People v. Crisostomo*, CRA24-004 (Ltd. Rem. Order (July 2, 2024)). Concerned primarily with allegations of violations under *Brady v. Maryland*, 373 U.S. 83 (1964), and *Giglio v. United States*, 405 U.S. 150 (1972), those orders stated the general rule that "an appellate court may order remand when the record is so incomplete that it cannot pronounce definitely upon the presented issues, or the parties fail to produce available material evidence." *Rugante*, CRA 17-009 (Ltd. Rem. Order at 2).

Guam Rule of Appellate Procedure 7(e) provides a procedural mechanism for trial courts to supplement the record of a case on appeal:

> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

(A) on stipulation of the parties;
(B) by the Superior Court before or after the record has been forwarded; or
(C) By the Supreme Court.

Guam R. App. P. 7(e)(2). Under the parallel Federal Rule of Appellate Procedure 10(e), a trial court generally can supplement the record on appeal with any information about what "in fact" occurred before the trial court. *United States v. Banks*, 405 F.3d 559, 567 (7th Cir. 2005). However, it "cannot be used to add to or enlarge the record on appeal to include material which was not before the [trial] court." *United States v. Walker,* 601 F.2d 1051, 1054 (9th Cir. 1979). But, federal courts have held that unrecorded verbal statements can be reconstructed to support the record. *See Marron v. Atl. Refin. Co.*, 176 F.2d 313, 315 (3d Cir. 1949).

The Court reviewed the trial recordings and the recollections of both trial attorneys. The Court recalls that an exchange took place during a break at the trial that was inadvertently unrecorded. The Court finds that the recollection of the AAG was an accurate representation of what occurred. Declaration of Counsel (Nov. 6, 2025). Namely, that during the trial sometime in January or February of 2024, the Court inquired about whether Attorney Van de veld had discussed with Rodriguez about whether Rodriguez would testify. And that Attorney Van de veld told the Court he would ask his client about whether he would testify or not.

## CONCLUSION

Therefore, the Court supplements the trial record with the above facts.

**SO ORDERED**, this ___11/18/25___.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, P. Perez

Date 11/18/25 Time: 11:51am
Antonio C Cruz
Deputy Clerk, Superior Court of Guam

**HONORABLE JOHN C. TERLAJE**
**Judge, Superior Court of Guam**

Page 3 of 3